UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DAVID GRANADILLO ARAUJO,<br><br>　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; PAMELA BONDI, U.S. A.G.; KRISTI NOEM, Secretary of the Department of Homeland Security; and PATRICK DIVVER, ICE San Diego Field Office Director, in their official capacities,<br><br>　　　　Respondents. | No. 25cv2942-BTM-MMP<br><br>**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS** |

　　Pending before the Court is Petitioner Samuel Granadillo Araujo's petition for a writ of habeas corpus.

　　**A.　Background**

　　Petitioner, a native and citizen of Venezuela, arrived in September 2024 at the Calexico Port of Entry. Petitioner was applying for admission and found inadmissible for lacking a valid entry document. Petitioner was given a Notice to Appear commencing removal proceedings. Petitioner was granted humanitarian parole into the United States

for a two-year period. Petitioner was approved for employment authorization and obtained a job as a cook. Petitioner filed an asylum application in March 2025.

In July 2025, Petitioner was instructed to appear for a "check-in" with immigration officials. Petitioner's attorney spoke to a deportation officer, and the officer advised Petitioner's counsel that Petitioner would not be detained at the check-in. Petitioner attended the "check-in" on July 28, 2025, and was detained by Immigrations and Customs Enforcement (ICE) officers, contrary to what his attorney was advised. ICE served Petitioner with an arrest warrant. ICE also served Petitioner with a notice and order of expedited removal.

On August 12, 2025, Petitioner's full 240 (not expedited) removal proceedings were dismissed by an Immigration Judge, and Petitioner appealed that dismissal. His appeal is pending before the Board of Immigration Appeals.

Petitioner alleges that Respondents attempted to improperly place him in expedited removal proceedings and denied his request for release on bond. Petitioner also alleges that his detention was unlawful. Petitioner is married to a United States citizen and claims he is eligible for adjustment of status as a spouse of a United States citizen. His application for adjustment of status is pending. Petitioner claims that his case is governed by 8 U.S.C. § 1226, and thus that he is eligible for release on bond.

The Government claims that this Court lacks jurisdiction. The Government contends that Petitioner was properly detained and is an applicant for admission under 8 U.S.C. § 1225. Thus, in the Government's view, Petitioner is not entitled to a bond hearing.

**B.     Discussion**

This Court has jurisdiction to review Petitioner's challenge to whether he is lawfully in custody under 8 U.S.C. § 1225. *Nielsen v. Preap*, 586 U.S. 392, 401-02 (2019) (maintaining jurisdiction on appeal following district court decisions to review legal challenge to decision to deny bond hearings). This Court has jurisdiction over that question because Petitioner is not challenging his removal, the execution of a removal

order, or a discretionary decision by the Attorney General. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders.").

Whether there is jurisdiction to review the revocation of parole depends on whether the Department of Homeland Security (DHS) exercised its discretion when revoking parole. *See Hassan v. Chertoff*, 593 F.3d 785, 789-90 (9th Cir. 2010) (per curiam) (finding no jurisdiction over discretionary decision to revoke parole because DHS followed the regulations at issue); *see also Noori v. LaRose*, No. 25-cv-1824, 2025 U.S. Dist. LEXIS 194953, *15-24 (S.D. Cal. Oct. 1, 2025) (maintaining jurisdiction to review lawfulness of parole revocation); *Orellana v. Francis*, No. 25-CV-04212, 2025 U.S. Dist. LEXIS 160866, *9 (E.D.N.Y. Aug. 19, 2025) ("[T]he Court finds that § 1252(a)(2)(B)(ii) does not preclude the Court from reviewing the lawfulness of the revocation of Petitioner's parole."); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, ____ (D. Or. 2025) ("[T]he Review Statute and the Parole Statute do not preclude this District Court from reviewing whether the decision to terminate Petitioner's parole was lawful."). There will be jurisdiction if DHS failed to follow the law when revoking parole. Because the issues are ripe for review, and because Respondents claim that an Immigration Judge found no jurisdiction to review the lawfulness of Petitioner's detention, Petitioner is not required to further exhaust any potential administrative remedies. *See, e.g.*, *Esquivel-Ipina v. LaRose*, No. 25-cv-2672, 2025 U.S. Dist. LEXIS 210275, *9 (S.D. Cal. Oct. 24, 2025) (finding exhaustion futile). The Government has also waived the issue of exhaustion by failing to raise it and failing to identify how Petitioner could further exhaust administrative remedies.

Congress allows for the revocation of parole "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served." 8 U.S.C. § 1182(d)(5)(A). When the Secretary so opines, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue

to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.* Under regulations, the Secretary has delegated the decision making to various officials. 8 C.F.R § 212.5(a) (listing the officials).

Due process for parole terminations requires (1) a decision by an appropriate official on whether the purpose of parole has been served; (2) written notice of the reasons for the termination; and (3) an opportunity to rebut the reasons given for the termination. *See Noori*, 2025 U.S. Dist. LEXIS 194953, *29 ("Petitioner was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination."); *Y-Z-L-H*, 792 F. Supp. 3d at ____ ("[A]s a noncitizen with connections in the United States who is no longer at the threshold of initial entry, Petitioner is entitled to due process rights." (quotation marks and citation omitted))

Here, Respondents revoked Petitioner's parole without making the finding set forth in 8 U.S.C. § 1182(d)(5)(A). Respondents have not submitted evidence showing that the Secretary or a designee found that the purposes of Petitioner's parole has been served. The revocation of Petitioner's parole is thus neither consistent with 8 U.S.C. § 1182(d)(5)(A) nor the demands of due process. *See Y-Z-L-H*, 792 F. Supp. 3d at ____ (explaining that 1182(d)(5)(A) "has a mandatory requirement—parole may be terminated or revoked only when in the Secretary's opinion the parole's purposes have been met"). The Court adopts and incorporates the reasoning from *Y-Z-L-H* and *Noori*. Because Respondents did not revoke Petitioner's parole in accordance with Section 1182(d)(5)(A) or due process, the Court will grant the writ.

//
//
//
//
//
//

### C. Conclusion

For the reasons stated, the petition for a writ of habeas corpus is GRANTED. Respondents shall immediately release Petitioner from custody on the same conditions of his preexisting parole. The Court retains jurisdiction to enforce the Writ. The Respondents shall file a status report demonstrating compliance no later than November 25, 2025.

**IT IS SO ORDERED.**

Dated: November 24, 2025

_____
Honorable Barry Ted Moskowitz
United States District Judge